UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Rakesha Eaton,<br><br>           Plaintiff,<br>v.<br><br>ADIR International, LLC,<br><br>           Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3.   Plaintiff Rakehsa Eaton (hereinafter "Plaintiff") is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.   Defendant ADIR International, LLC (hereinafter "Defendant ADIR") is a corporation and a collection agency operating from address 1605 W. Olympic Blvd., Suite 600, Los Angeles, CA  90015 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5. Sometime in or around March 2010 Plaintiff opened a credit account with La Curacao and subsequently made purchases at La Curacao resulting in a credit obligation and consumer debt, as that term is defined at 15 U.S.C. §1692a(4).

6. Plaintiff's alleged debt was transferred to Defendant for collection.

7. Sometime on or about November 8, 2010, Defendant called Plaintiff's friend, Sherria Mustin (hereinafter "Mustin") in attempt to find or communicate with Plaintiff.

8. Defendant left a message on Mustin's answering machine.

9. Defendant stated that it was calling from the "Pre Legal Offices of the International," and disclosing debt collection information private to Plaintiff, in violation of 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e and 1692f.

10. Ms. Mustin then called Defendant back and spoke with Defendant's agent, Rebecca.

11. Defendant's agent first attempted to deceive to Ms. Mustin that Defendant was calling to offer Plaintiff a "promotion," and therefore needed to get a hold of Plaintiff right away.

12. Later in the conversation Defendant came clean and that it was "very important" for Plaintiff to get in touch with Defendant as her account was about to be "sued" and that Plaintiff needed to return Defendant's call as soon as possible, in violation of 15U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

13. Plaintiff does not reside nor have the same telephone number as Ms. Mustin.

14. Mustin then conveyed the message to Plaintiff.

15. Defendant's conduct in harassing Plaintiff's friend Mustin and conveying the threatening message has caused her emotional distress, embarrassment, anxiety and fear.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The forgoing conduct by Defendant constitutes an unreasonable intrusion upon seclusion upon Plaintiff's privacy.

22. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, or private concerns or affairs of the Plaintiff.

23. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, or private concerns or affairs.

24. These intrusions and invasions of privacy by this Defendant occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.

25. Plaintiff has suffered damages as a result of Defendant's conduct and is entitled to his damages, costs and attorneys fees.

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and invasion of privacy;
(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and
(d) That the Court grants such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 21st day of April, 2011.

-5-

> By:  s/Trista M. Roy_____
> Trista M. Roy, Esq.
> Attorney I.D. #0387737
> Thomas J. Lyons, Esq.
> Attorney I.D. #:  65699
> **CONSUMER JUSTICE CENTER, P.A.**
> 367 Commerce Court
> Vadnais Heights, MN  55127
> Telephone:  (651) 770-9707
> Facsimile: (651) 704-0907
> tristacjc@aol.com
> tlyons@lyonslawfirm.com
>
>
> Attorneys for Plaintiff

-6-

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
                                    ) ss
COUNTY OF RAMSEY )

       Rakesha Eaton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                   s/Rakesha Eaton
                                                   Rakesha Eaton

Subscribed and sworn to before me
this <u>15th</u> day of April, 2011.


s/Andrea L. Weber
Notary Public